IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| JESSICA BENSLEY, | Case No. 4:20-cv-00329-JAJ-HCA |
| Plaintiff, | |
| vs. | **JAMIE FITZGERALD'S MEMORANDUM OF LAW IN SUPPORT OF PRE-ANSWER MOTION TO DISMISS AND REQUEST TO TAKE JUDICIAL NOTICE** |
| PAUL PATE, Iowa Secretary of State, and JAMIE FITZGERALD, Polk County Auditor, | |
| Defendants. | |

**COMES NOW** Polk County Auditor Jamie Fitzgerald, and submits the following memorandum of law in support of his Pre-Answer Motion to Dismiss and Request to Take Judicial Notice.

## <u>TABLE OF CONTENTS</u>

Statement of the Case.....................................................................................................................1

Factual Allegations ........................................................................................................................2

Standard for Granting a Motion to Dismiss ..................................................................................3

Argument .......................................................................................................................................4

    I.  This Court Should Take Judicial Notice of the Provisional Ballot, Notice of Rejection of a Provisional Ballot, and the Plaintiff's Voter File ................................................................4

    II.  Plaintiff's Claims Against Auditor Fitzgerald Should Be Dismissed for Failure to State a Claim Upon Which Relief Can be Granted ......................................................................5

Conclusion ...................................................................................................................................10

## <u>STATEMENT OF THE CASE</u>

Plaintiff Jessica Bensley filed a Complaint and Jury Demand under 42 U.S.C. section 1983 naming Secretary of State Paul Pate and Polk County Auditor Jamie Fitzgerald as

Defendants.  [Doc. 1.]  Plaintiff alleged that her Fourth and Fourteenth Amendment rights were violated when her name was placed "on a list of disqualified felony voters in Polk County, Iowa" and by failing to notify her of this placement.  Ms. Bensley brings two counts: (1) deprivation or denial of her right to vote, and (2) denial of procedural due process.  As will be discussed herein, Auditor Fitzgerald should be dismissed for failure to state a claim upon which relief can be granted.

## FACTUAL ALLEGATIONS

Plaintiff Jessica Bensley, a resident of Des Moines, was charged with a felony in June 2011.  [Doc. 1,¶ 8].  She eventually pled guilty to an aggravated misdemeanor charge and received a suspended sentence.  [Doc. 1, ¶ 12].  Bensley was charged with two additional felonies unrelated to this June 2011 incident, which were dismissed.  [Doc. 1, ¶ 13].  Plaintiff has never been convicted of a felony.  [Doc. 1, ¶ 14].  From 2012 to 2018, Bensley voted in local and national elections without incident.  [Doc. 1, ¶ 15].  She alleges that she voted as "usual" at the Staves United Methodist Church in Polk County, Iowa on November 6, 2018.  [Doc. 1, ¶ 17].

Under article II, section 5 of the Iowa Constitution, no "person convicted of any infamous crime, shall be entitled to the privilege of an elector."  Iowa Code section 39.3(8) defines "infamous crime" as a felony.  *See also* Iowa Code § 48A.6(1) (providing that any person "who has been convicted of a felony" is disqualified from registering to vote or voting).  The Iowa Supreme Court upheld this definition in *Griffin v. Pate*, 884 N.W.2d 182 (Iowa 2016).  The Iowa Secretary of State serves as the State Commissioner of Elections and the Official Registrar of Voters.  Iowa Code § 47.7(1).  In this latter capacity, the Secretary is required to maintain "a single, uniform, centralized" voter registration database.  This database is commonly referred to as the I-Voter Database.  Defendant Jamie Fitzgerald is the Polk County Auditor.  As Auditor, Mr. Fitzgerald serves as a Polk County Commissioner of Elections.  Iowa Code § 47.2(1).

2

Auditor Fitzgerald is responsible for conducting voter registration and elections within the county.

Iowa Code section 48A.30 requires the cancellation of a voter registration if particular events occur. One of those events is notification of a felony conviction. *Id.* § 48A.30(1)(*d*). Notification is to be sent by the clerk of court, the United States attorney, or the Secretary of State. *Id.* Iowa law requires the registrar to determine "which county the felon is registered to vote, if any, and shall notify the county commissioner of registration for that county of the felony conviction." *Id.* The Code does not confer any duty or obligation on the County Auditor within this process. The Secretary of State, however, has now promulgated administrative rules directing county auditors, like Auditor Fitzgerald, to verify the accuracy of the information provided by his office. Iowa Admin. Code r. 721—28.4. That rule was not in effect in 2018. https://rules.iowa.gov/Notice/Details/4804C (providing Notice of Intended Action of the new rule in January 2020) (last visited December 23, 2020).

Plaintiff alleges that when she cast her vote in the November 2018 General Election, no one indicated that there was any issue with her voter registration or ability to vote. [Doc. 1, ¶ 40]. She alleges that until she received notification on November 20, 2018, that her "provisional ballot" had been rejected, she was unaware there was any issue with her voter registration or ability to vote. [Doc. 1, ¶¶ 41, 42]. The Complaint does not explain how the Plaintiff's vote was challenged if she did not vote provisionally. After discussions with Auditor Fitzgerald's Office, Ms. Bensley received a new voter identification card. [Doc. 1, ¶ 55]. Plaintiff has voted successfully in subsequent elections. [Doc. 1, ¶ 56].

## STANDARD FOR GRANTING A MOTION TO DISMISS

Under rule 12(b)(6), "To survive a motion to dismiss, a complaint must contain sufficient

factual matters, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007)).  A claim is "plausible on its face" when the allegations allow the court to draw the reasonable inference that the defendants are liable for the misconduct alleged, which is more than "a sheer possibility" that the defendants acted unlawfully. *Id.* (citation omitted).  A plaintiff merely alleging facts that are "consistent with" liability is insufficient.  *Id.* (citation omitted).

In considering whether a complaint meets the plausibility standard, the court must accept all factual allegations as true; however, the court "is not bound to accept as true a legal conclusion couched as a factual allegation." *Carton v. General Motor Acceptance Corp.*, 611 F.3d 451, 454 (8th Cir. 2010) (citing *McAdams v. McCord*, 584 F.3d 1111, 1113 (8th Cir. 2009)). Speculative, conclusory, or nonspecific allegations are insufficient. *Cooper v. Schriro*, 189 F.3d 781, 784–85 (8th Cir. 1999).

## **ARGUMENT**

### I.  This Court Should Take Judicial Notice of the Provisional Ballot, Notice of Rejection of a Provisional Ballot, and the Plaintiff's Voter File.

Federal Rule of Evidence 201(c) states, "[a] court shall take judicial notice if requested by a party and supplied with the necessary information."  "A judicially noticed fact must be one not subject to reasonably dispute in that it is … capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(a)(2).  "A district court may take judicial notice of public records and may thus consider them on a motion to dismiss." *Stahl v. U.S. Dept. of Agriculture*, 327 F.3d 697, 700 (8th Cir. 2003) (citing *Faibisch v. Univ. of Minn.*, 304 F.3d 797, 802-03 (8th Cir. 2002)).  When considering a Rule 12(b)(6) motion to dismiss, a court can consider the "pleadings themselves, materials embraced by the

pleadings, exhibits attached to the pleadings, and matters of public record." *Illig v. Union Elec. Co.*, 652 F.3d 971, 976 (8th Cir. 2011) (*citing Mills v. City of Grand Forks*, 614 F.3d 495, 498 (8th Cir. 2010)); *see also Waldner v. North American Truck & Trailer, Inc.*, 277 F.R.D. 401, 406 (S.D. South Dakota 2011) (stating "courts can consider matters of public record in addition to the complaint's factual allegations").

Auditor Fitzgerald requests this Court take judicial notice of three documents, all of which have been attached to his motion. Exhibit 1 is a sample provisional ballot. This is a public document, kept in the regular course of business. Exhibit 2 is a sample notification of provisional ballot rejection. This is a public document, kept in the regular course of business. Exhibit 3 is Ms. Bensley's voter file. This document is a public record, kept in the regular course of business. The authenticity of these documents is not reasonably disputed and their accuracy cannot reasonably be questioned. Consideration of these documents will assist the court in evaluating Auditor Fitzgerald's motion to dismiss.

## II.  Plaintiff's Claims Against Auditor Fitzgerald Should Be Dismissed for Failure to State a Claim Upon Which Relief Can be Granted.

As noted previously, Plaintiff brings two claims against Auditor Fitzgerald: (1) deprivation or denial of her right to vote and (2) denial of procedural due process. Ms. Bensley has failed to plead properly either count against the Auditor.

With respect to claims brought under 42 U.S.C. § 1983, "a plaintiff must allege sufficient facts to indicate the named individual defendants, acting under the color of state law, violated the plaintiff's constitutional rights." *Zar v. South Dakota Bd. of Exam'rs of Psychologists*, 976 F.2d 459, 464 (8th Cir. 1992); *see also Kuha v. City of Minnetonka*, 365 F3d 590, 606 (8th Cir. 2003) (holding that to "state a claim under § 1983, a complaint must allege facts, if true, establish (1) a violation of a constitutional right, (2) committed by a state actor, (3) who acted with the requisite

culpability and causation to violate the constitutional right").  To make a viable section 1983 claim with respect to named individual defendants, a plaintiff must demonstrate "a causal link to, and direct responsibility for, the deprivation of rights" at issue.  *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (citing *Rizzo v. Goode*, 423 U.S. 362, 370-71 (1976)); *see also Zutz v. Nelson*, 601 F.3d 842, 851 (8th Cir. 2010)  ("[T]o state a cause of action under § 1983, a plaintiff must plead facts that would tend to establish that the defendant's wrongful conduct caused the constitutional deprivation.").  If there is no causal connection between a defendant's conduct and the violations alleged in a complaint, the complaint may be dismissed for failure to state a claim.  *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986).

Plaintiff does not allege a single affirmative action committed by Auditor Fitzgerald.  She does not claim that Auditor Fitzgerald placed her name on the so-called "Felon Voter List."  Ms. Bensley does not allege that the Auditor notified anyone that she was a convinced felon subject to voter disqualification.  She does not claim that Auditor Fitzgerald rejected her provisional ballot in the 2018 General Election.  A close reading of the Complaint, moreover, reveals that Plaintiff's deprivation claim is based on her placement on the disqualification list[1] and not the rejection of her 2018 provisional ballot.  [Doc. 1, ¶¶ 59, 60].  Plaintiff's claims against the Auditor, therefore, are not based on his own conduct or lack thereof, but rather that he is responsible for the actions and inactions of his office and its employees.

The doctrine of respondeat superior is generally an improper basis upon which to rest a section 1983 claim because an individual cannot be held liable solely on the actions or inactions

---

[1] The Complaint does not note the date of this placement.  Exhibit 3 demonstrates that this action occurred in August 2017, more than two years prior to the filing of the Compliant.  Plaintiff disputes she received notification prior to November 2018, despite contradictory evidence in Exhibit 3.  Assuming the facts as pled, as is required at this stage in the litigation, her Complaint is timely.  Discovery, if necessary, however, may well reveal that this Complaint is untimely.

of his or her subordinates.  *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995).  A supervisor may

have liability under section 1983 if he directly participated in the constitutional violation or if

failure to train or supervise the offender caused the constitutional deprivation.  *Tilson v. Forrest*

*City Police Dep't*, 28 F.3d 802, 806 (8th Cir. 1994).  The Plaintiff does not allege that Auditor

Fitzgerald failed to properly train or supervise his staff.  She makes no claim that the Auditor's

failure to train his staff resulted in her alleged constitutional deprivation.

A supervisory official may be liable if he created a policy or custom under which the

constitutional practice occurred.  *Moyle v. Anderson*, 571 F.3d 814, 817-18 (8th Cir. 2009).  "[A]

'policy', is an official policy, a deliberate choice of a guiding principle or procedure made by the

municipal official who has final authority regarding such matters."  *Mettler v. Whiteledge*, 165

F.3d 1197, 1204 (8th Cir. 1999) (*citing Ware v. Jackson County*, 150 F. 3d 873, 880 (8th Cir.

1998)).  Bensley does not allege there is an official policy in the Polk County Elections Office to

placed qualified voters on the disqualified list or otherwise disenfranchise qualified voters.

A custom is misconduct that is pervasive among non-policymaking employees.  *Ware*,

150 F. 3d at 880.  To prove a municipal  custom exists, Plaintiff:

> must satisfy the following three requirements:  (1) The existence of a continuing,
> widespread,  persistent pattern of unconstitutional misconduct by the governmental
> entity's employees; (2)  deliberate indifference to, or tacit authorization of, such
> conduct by the governmental entity's  policymaking officials after notice to the
> officials of that misconduct; and (3) the plaintiff's injury  by acts pursuant to the
> governmental entity's custom, that is, proof that the custom was the  moving force
> behind the constitutional violation.

*Ward v. City of Des Moines*, 184 F.Supp.2d 892, 897 (S.D. Iowa 2002).  The Complaint does not

use the term custom.  Ms. Bensley does not allege that the Auditor has a custom or practice of

placing qualified voters on the disqualified list or otherwise disenfranchise qualified voters.  At

best, Plaintiff claims that Auditor Fitzgerald or his staff had a custom or practice of ignoring or

failing to take affirmative steps to correct errors in the I-Voters Database maintained by the

Secretary of State.[2]  It's unclear whether a 1983 claim can be found in the alleged omission of one official to correct the errors of another official.  Ms. Bensley, however, does not plead facts sufficient to substantiate this novel claim.

The Complaint is rife with legal conclusions concerning Auditor Fitzgerald, but short on factual allegations.  For example, Plaintiff claims that Auditor Fitzgerald and his office has been aware since 2012 that the I-Voter Database is riddled with errors.  [Doc. 1, ¶ 34].  The Complaint then documents the numerous attempts by the Secretary of State to fix said errors.  The Complaint, however, fails to contain a single factual allegation about the state of the I-Voter Database in August 2017 or November 2018, the time relevant to this Complaint.  The Complaint, fails to allege facts about the Auditor's knowledge of the accuracy of the I-Voter Database during the relevant period.  The Complaint fails to allege facts sufficient to show that there was a widespread custom or practice in the Auditor's Office in 2017/18 of ignoring errors in the I-Voter Database.

The procedural due process claim is equally as untenable.  First, similar to above, Ms. Bensley makes the bold assertion that "Defendant Fitzgerald and other County Auditors did not consistently provided [*sic*] notice to those potential voters who Defendant Fitzgerald and the other County Auditors deemed excluded because of felony convictions."  [Doc. 1, ¶ 32].  Plaintiff does not allege any facts to support this conclusion.  Later she states that the Polk County Auditor's Office failed to notify her of the cancellation of her voter registration.[3]  [Doc. 1, ¶ 43].  While Auditor Fitzgerald certainly disputes this factual allegation, and notes Exhibit 3

---

[2]  Plaintiff does not allege a source for Auditor Fitzgerald's duty or even ability to correct errors in the I-Voter Database based upon the conviction of a felony.

[3]  Auditor Fitzgerald will assume but not concede that statutory notice mandated in Iowa Code section 48A.30(2) is constitutionally required.

demonstrates that Ms. Bensley was notified in 2017 at her current address, even assuming this factual allegation is true, no constitutional violation can be found.  Plaintiff has failed to allege Auditor Fitzgerald failed to properly train his staff on the need to provide notification.  Plaintiff has failed to plead a policy, practice, or custom in the Auditor's Office of failing to provide the requisite notices to disqualified voters nor Auditor Fitzgerald's gross indifference to this pattern, practice, or custom.  A constitutional claim against Auditor Fitzgerald does not resound in every instance of human error committed in his office.

Second, Ms. Bensley claim is implausible on its face.  She claims it was not until she received notification that her "provisional ballot" was rejected did she have any idea that her voter registration was in question.  [Doc. 1, ¶¶ 41, 42].  Additionally, she alleges to have voted in November 2018 as usual.  [Doc. 1, ¶ 39].  While this Court is to presume the facts as plead in the Complaint are true, this Court does not have to accept completely implausible factual allegations. *Iqbal*, 556 U.S. at 679 ("Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.").  Ballots are secret in Iowa.  Once cast, a ballot bares no indication or marking signifying the voter's identity.  If Plaintiff voted as "usual," there would be no mechanism to reject *her* ballot as it would be impossible to determine which ballot was hers.  The only way Ms. Bensley's ballot could have been rejected is if she voted provisionally.

The fact that Ms. Bensley voted provisionally in November 2018 is significant for three reasons.  One, it demonstrates that the proper procedures were followed and she was allowed to vote despite placement on the felon disqualification list.  Second, casting a provisional ballot would have put her on notice of an issue with her voter registration.  Third, and most importantly, the provisional ballot sets forth a procedure for the voter to cure the alleged

deficiency in their registration. *See* Exhibit 1. Due process was available to Ms. Bensley prior to the rejection of her ballot. She simply chose not to participate in that process.

## **CONCLUSION**

For the reasons expressed above, Auditor Fitzgerald respectfully asks that the Court dismiss the above-captioned matter against him in its entirety and grant any and all other relief it deems appropriate.

Respectfully submitted,

JOHN P. SARCONE
POLK COUNTY ATTORNEY

*/s/ Meghan L. Gavin*
Meghan L. Gavin     AT0008949
Assistant County Attorney
111 Court Avenue, Room 340
Des Moines, IA   50309
Telephone: (515) 286-3346
FAX: (515) 286-3314
Meghan.Gavin@polkcountyiowa.gov

ATTORNEY FOR DEFENDANT POLK
COUNTY AUDITOR JAMIE FITZGERALD