IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| JESSICA BENSLEY,<br><br>Plaintiff,<br><br>vs.<br><br>PAUL PATE, Iowa Secretary of State, and JAMIE FITZGERALD, Polk County Auditor,<br>Defendants. | No. 4:20-cv-329-JAJ<br><br><br>**ORDER** |

This matter comes before the Court pursuant to Defendant Fitzgerald's Pre-Answer Motion to Dismiss and Request for Judicial Notice filed on December 23, 2020, and Defendant Pate's Pre-Answer Motion to Dismiss and Request for Judicial Notice filed on December 28, 2020. Jamie Fitzgerald's Pre-Ans. Mot. Dismiss & Req. Judicial Notice, ECF No. 7; Paul Pate's Pre-Ans. Mot. Dismiss & Req. Judicial Notice, ECF No. 9. Plaintiff responded to Defendant Fitzgerald's Motion on January 27, 2021, and responded to Defendant Pate's Motion on February 1, 2021. Pl.'s Resis. Def. Fitzgerald's Mot. Dismiss Failure to State Claim, ECF No. 14; Pl.'s Resis. Def. Pate's Mot. Dismiss Failure to State Claim, ECF No. 15. For the reasons that follow, Defendant Fitzgerald's Motion to Dismiss is **GRANTED** and Defendant Pate's Motion to Dismiss is **GRANTED**.

## I. Background

This case stems from the rejection of Jessica Bensley's ballot in the November 2018 election. Bensley is a citizen of the United States and a resident of Des Moines, Polk County, Iowa. Pate is the Iowa Secretary of State, and Fitzgerald is the Auditor for Polk County, Iowa. Pate and Fitzgerald were both in these positions at the time of the November 2018 election.

In June 2011, Bensley was charged with a felony but ultimately pleaded guilty to a misdemeanor charge and received a suspended sentence. Bensley has never pleaded guilty to or been found guilty of a felony. Prior to 2020, Iowa law permanently banned convicted felons from voting unless their voting rights were restored by the governor.

Pate maintains the Iowa voter registration database, I-Voters. Each county auditor updates and maintains the information regarding the county's voters within I-Voters. As Secretary of State, Pate receives information from the Iowa clerks of court about registered voters who have been

convicted of a felony. Pate is tasked with determining which county the voter is registered in and notifying the county auditor of the voter's felony conviction. As Polk County Auditor, Fitzgerald receives this information from Pate and updates the voter's status in I-Voters. The I-Voters system has been plagued with errors for years.

In 2018, Bensley cast her ballot in the November election. Bensley later received a letter from the Polk County Office of Elections that indicated her provisional ballot was rejected because she did not satisfy all of the eligibility requirements to vote in the election. After contacting the Office of Elections, Bensley learned her name had been incorrectly placed on the felon-exclusion list, which is why her ballot was rejected.

Bensley initiated this lawsuit as a result. Bensley's Complaint raises two claims as to both Fitzgerald and Pate: Count I is a claim for deprivation or denial of her right to vote and Count II is a claim for denial of procedural due process. Bensley seeks compensatory damages, punitive damages, attorneys' costs and fees, and all other relief the Court deems proper. Bensley seeks a jury trial as to all claims.

## II.   Legal Standard

Defendants move for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. Rule 12(b)(6) allows a party to argue, by motion, that the initial pleading does not "state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss predicated on Rule 12(b)(6), a "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "[A] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 440 U.S. 544, 555 (2007)). A complaint must include "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting *Twombly*, 444 U.S. at 556).

"In considering a motion to dismiss under Rule 12(b)(6), the court must assume that all facts alleged by the complaining party . . . are true, and must liberally construe those allegations." *McLeodUSA Telecommunications Servs., Inc. v. Qwest Corp.*, 469 F. Supp. 2d 677, 687–88 (N.D. Iowa 2007) (citations omitted). However, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 570. "[A] court should

grant the motion and dismiss the action only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Handeen v. Lemaire*, 112 F.3d 1339, 1347 (8th Cir. 1997) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)). A court may consider documents incorporated by reference or integral to the claim, items subject to judicial notice, and matters of public records without converting a 12(b)(6) motion to a motion for summary judgment.. *Zean v. Fairview Health Servs.*, 858 F.3d 520, 526 (8th Cir. 2017) (citations omitted).

### III.   Analysis

#### A. Judicial Notice of Defendants' Exhibits

First, the Court considers whether it should take judicial notice of Defendants' proposed exhibits. Pursuant to Federal Rule of Evidence 201(b), a court may take judicial notice of facts that are not subject to reasonable dispute because it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b), (b)(2). A court can take judicial notice of adjudicative facts at any point in a proceeding. *Id.* 201(d). A court "must take judicial notice if a party requests it and the court is supplied with the necessary information." *Id.* 201(c)(2). A court may take judicial notice of public records and the fact of the parties' assertions but not the veracity of the parties' assertions. *Graham v. Catamaran Health Sols., LLC*, 940 F.3d 401, 405 n.1 (8th Cir. 2017) (citing *Roe v. Nebraska*, 861 F.3d 785, 788 (8th Cir. 2017)); *Thompson v. R.J. Reynolds Tobacco Co.*, 760 F.3d 913, 918 (8th Cir. 2014) (citing *Kent v. United of Omaha Life Ins. Co.*, 484 F.3d 988, 994 n.2 (8th Cir. 2007)).

Here, Fitzgerald asks the Court to take judicial notice of three exhibits attached to his Motion to Dismiss. Exhibit 1 is a sample provisional ballot, Exhibit 2 is a sample notification of provisional ballot rejection, and Exhibit 3 is Bensley's voter profile report. Pate also requests that this Court take judicial notice of Bensley's voter profile report. Defendants have not supplied the Court with sufficient information for the Court to take judicial notice of their exhibits. The Court therefore declines to take judicial notice of any of Defendants' exhibits.

#### B. Deprivation or Denial of Right to Vote

The Court next considers whether Bensley's Complaint states a claim upon which relief can be granted as to her first claim. To state a claim for relief under § 1983, the plaintiff must establish: (1) she was deprived of a right guaranteed by the U.S. Constitution or the law of the United States and (2) the deprivation was perpetrated by a person acting under the color of state

law. 42 U.S.C. § 1983 (2020); *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999). Defendants act under the color of state law when they "exercise[] power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Lee ex rel. Lee v. Borders*, 764 F.3d 966, 971 (8th Cir. 2014) (citations omitted). Public employees often act under the color of state law when acting in their official capacities or when exercising their responsibilities according to state law. *Id.* (quoting *Roe v. Humke*, 128 F.3d 1213, 1215–16 (8th Cir. 1997) (citation omitted)). "Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Z.J. ex rel. Jones v. Kansas City Board of Police Comm'rs*, 931 F.3d 672, 6788 (8th Cir. 2019) (citations omitted).

Taking Bensley's alleged facts as true, the Court finds Bensley has failed to allege a plausible claim for relief against Fitzgerald and Pate. Bensley broadly defines the right at issue as the right to vote; however, she frames the right too broadly. Instead, the right should be defined as the right to be free from errors in the transmission of voter-disqualifying information. Assuming without deciding that this is a right guaranteed by U.S. Constitution or the laws of the United States, Bensley's claim, nevertheless, fails as to both Defendants. Section 1983 claims must be based on intentional conduct, negligent conduct is insufficient to state a § 1983 claim. *Davis v. Hall*, 992 F.2d 151, 153 (8th Cir. 1993) (citing *Daniels v. Williams*, 474 U.S. 327, 334 (1986)). Bensley has not alleged any intentional conduct by either Defendant that deprived her or denied her of her right to be free from errors in the transmission of voter-disqualifying information. And so, her allegations amount to mere negligence, which is insufficient to support her claim. *See id.* Accordingly, Bensley has failed to state a plausible claim for relief against either Defendant as to her first claim.

### C. Denial of Procedural Due Process

Next, the Court considers whether the Complaint states a claim upon which relief can be granted for denial of due process. Courts follow a two-step analysis when considering procedural due process claims. *Jenner v. Nikolas*, 828 F.3d 713, 716 (8th Cir. 2016) (citing *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011)). "We first ask whether there exists a liberty or property interest of which a person has been deprived, and if so we ask whether the procedures followed by the State were constitutionally sufficient." *Id.* (quoting *Swarthout*, 562 U.S. at 219). "The due process clause ensures every individual subject to a deprivation 'the opportunity to be heard at a meaningful time and in a meaningful manner.'" *Swipies v. Kofka*, 419 F.3d 709, 715 (8th Cir.

2005) (citations omitted). A post deprivation hearing may satisfy the demands of due process "where a predeprivation hearing is unduly burdensome in proportion to the liberty interest at stake . . . or where the State is truly unable to anticipate and prevent a random deprivation of a liberty interest . . . ." *Zinermon v. Burch*, 494 U.S. 113, 132 (1990) (citations omitted). The right to vote is fundamental but it is not absolute. *Chiodo v. Section 43.24 Panel*, 846 N.W.2d 845, 848–49 (Iowa 2014) (citing *Devine v. Wonderlich*, 268 N.W.2d 620, 623 (Iowa 1978)).

Accepting Bensley's alleged facts as true, Bensley has failed to state a claim for relief against Fitzgerald and Pate. Again, the Court shall frame the substantive right as the right to be free from errors in the transmission of voter-disqualifying information, and the Court will once more assume without deciding that such a right exists. Like her first claim, Bensley's due process claim is a § 1983, which requires intentional conduct. *Davis*, 992 F.2d at 153 (citing *Daniels*, 474 U.S. at 334). Bensley has not alleged any intentional conduct by Defendants. As best the Court can tell from the Complaint, she alleges mere negligence, which is insufficient to support her claim. Therefore, Bensley has failed to state a plausible claim for relief against either Defendant as to her denial of due process claim.

### D. Qualified Immunity

Even if Bensley had stated a claim upon which relief could be granted as to Pate, he would be entitled to qualified immunity for both claims. State actors who are sued in their individual capacities can raise the affirmative defense of qualified immunity. *Wagner v. Jones*, 664 F.3d 259, 268 (8th Cir. 2011) (citing *Serna v. Goodno*, 567 F.3d 944, 952 (8th Cir. 2009)). When considering a qualified immunity defense, courts consider "[1] whether a defendant has violated a constitutional or statutory right and, if so, [2] whether that right was clearly established at the time of the defendant's conduct." *Ivey v. Audrain County*, 968 F.3d 845, 849 (8th Cir. 2020) (citing *Santiago v. Blair*, 707 F.3d 984, 989 (8th Cir. 2013)). If the answer to both questions is *yes*, then the individual defendants are not entitled to qualified immunity. *Vandevender v. Sass*, 970 F.3d 972, 975 (8th Cir. 2020). Courts "have the discretion to decide either question first." *Ivey*, 968 F.3d at 849.

As to the first prong, courts "consider whether a constitutional violation . . . in fact occurred." *Jackson v. Stair*, 944 F.3d 704, 710–11 (8th Cir. 2019). "[T]he right allegedly violated must be defined at the appropriate level of specificity . . . ." *Craighead v. Lee*, 399 F.3d 954, 962 (8th Cir. 2005). As to the second prong, "A clearly established right is one that is 'sufficiently

clear that every reasonable official would have understood that what he is doing violates that right.'" *Morgan v. Robinson*, 920 F.3d 521, 523 (8th Cir. 2019) (quoting *Reichle v. Howards*, 566 U.S. 658, 664 (2012)). "The Supreme Court has cautioned courts not to define clearly established law at too high a level of generality." *Ivey*, 968 F.3d at 849 (citing *Kisela v. Hughes*, 138 S. Ct. 1148, 1152 (2018) (per curiam)). Bensley must show that the law is clearly established. *Wagner*, 664 F.3d at 273 (quoting *Sparr v. Ward*, 306 F.3d 589, 593 (8th Cir. 2002).

Bensley defines the rights at stake with too high of a level of generality. For Bensley's first claim, the Court frames the right as the right to be free from errors in the transmission of voter-disqualifying information. For Bensley's due process claim, and based on the allegations of the Complaint, the Court frames the right as the right to notice and an opportunity to be heard before being deprived of or denied the right to be free from errors in the transmission of voter-disqualifying information. Even assuming these rights exist, Bensley has not cited, and the Court has not found, any decision showing the violative nature of the particular conduct at issue here is clearly established. Further, a constitutional violation is not obvious from this conduct. Accordingly, the Court finds Pate is entitled to qualified immunity as to both of Bensley's claims.

### IV.   Conclusion

The Court declines to take judicial notice of Defendants' proposed exhibits. Bensley has failed to state a claim for relief as to both of her claims against both Pate and Fitzgerald. Pate is entitled to qualified immunity as to both counts. Pate's request for sovereign immunity and alternate request for an interlocutory appeal are moot and need not be addressed.

Upon the foregoing,

**IT IS ORDERED** that Defendant Fitzgerald's Pre-Answer Motion to Dismiss and Request for Judicial Notice [ECF No. 7] is granted.

**IT IS FURTHER ORDERED** that Defendant Pate's Pre-Answer Motion to Dismiss and Request to Take Judicial Notice [ECF No. 9] is granted.

The Clerk shall enter judgment for the Defendants.

**DATED** this 25th day of May, 2021.

JOHN A. JARVEY, Chief Judge
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA